IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BONNIE ARMSTRONG,

        Plaintiff,                    No. CIV S-07-2486 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////
/////
/////
/////
/////

1

I. Factual and Procedural Background

In a decision dated May 30, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of bilateral hearing loss, depression, PTSD, alcohol, cannabis, and methamphetamine dependence in remission but these impairments do not meet or medically equal a listed impairment; plaintiff is not entirely credible; plaintiff has no past relevant work; and using Rule 204.00 of the Medical-Vocational Guidelines, plaintiff is not disabled. Administrative Transcript ("AT") 15-21. Among other errors, plaintiff contends the ALJ improperly rejected the opinions of a treating

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

physician and an examining psychiatrist.[2] As discussed below, the ALJ improperly rejected these opinions. Further development of the record therefore is required.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

---

[2] Because remand for further development of the record is required, the court will not address the other claims of error raised by plaintiff. However, on remand, because the ALJ should consider whether plaintiff is entitled to a closed period of disability, testimony from plaintiff pertinent to her alleged disabilities during the relevant time frame of the closed period under consideration should be taken.

3

III. <u>Analysis</u>

Plaintiff contends the ALJ improperly rejected the opinions of treating physician Dr. Malan and examining psychiatrist Dr. Roux. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. <u>Id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. <u>Id.</u> at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see</u> <u>also</u> <u>Magallanes</u>, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. <u>Lester</u>, 81 F.3d at 831.

Plaintiff's treating physician, Dr. Malan, opined in a form dated April 5, 2007 that plaintiff was unable to work due to two conditions, one chronic and the other acute. AT 207. The ALJ rejected Dr. Malan's opinion on the basis that the doctor did not give specifics regarding plaintiff's two conditions and did not assess any functional limitations. AT 19.

4

Plaintiff contends that in discrediting Dr. Malan's opinion, the ALJ failed to properly develop the record.

Disability hearings are not adversarial. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented). Whether evidence raises an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir.1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288).

Dr. Malan was employed by the Tehama County Health Services Agency ("TCHSA"). Although Dr. Malan saw plaintiff only a few times over a short time span, he had available for his review other treatment records from TCHSA. Those records include references both to long time treatment of chronic lumbar pain as well as depression. AT 157, 159, 161, 164, 166, 168-170, 177, 179, 181. The record thus contains an ambiguity as to whether Dr. Malan was referencing lumbar pain or depression or both as the basis for his opinion that plaintiff was unable to work. If his primary reference was to the former, the ALJ may have had a legitimate basis for disregarding Dr. Malan's opinion in that the record contains a controverting opinion of an examining physician, Dr. Kumar. AT 89-92. If Dr. Malan's opinion instead was predicated on plaintiff's psychiatric condition, that opinion lends support to the opinion of the examining psychiatrist, Dr. Roux. AT 84-85. As discussed below, the ALJ improperly discredited Dr. Roux's opinion. In light of the whole record, including Dr. Roux's opinion, the opinions of the

state agency psychiatrists, who did not have all of Dr. Malan's records available for review,[3] are an insufficient basis to discredit Dr. Malan's opinion if it is based on psychiatric disability. It was therefore incumbent on the ALJ to develop the record further and ascertain the basis of Dr. Malan's opinion.

Plaintiff also contends the ALJ improperly assessed the opinion of examining psychiatrist Dr. Roux and that because proper weight was not accorded to this psychiatrist's opinion, the ALJ failed to properly consider whether plaintiff was disabled during a closed period. Plaintiff filed her application for supplemental security income on March 28, 2005. See AT 13. Supplemental security income is not payable prior to the month following the month in which the application is filed. 20 C.F.R. § 416.335. Assuming for sake of argument that plaintiff was disabled at the time she filed her application, a closed period would commence on March 28, 2005. For purposes of the one year durational requirement discussed below, the alleged onset date of disability is considered to be March 28, 2005. See AT 94 (insufficient evidence of psychiatric disability prior to March 2005).

Examining psychiatrist Dr. Roux opined in July 2005 that plaintiff was moderately impaired in most work functions, including moderate impairment in the ability to perform work activities without special or additional supervision. AT 85. Dr. Roux further opined that plaintiff's significant mood and anxiety symptoms would "likely have a negative impact upon her ability to obtain or maintain gainful employment" at the time of the examination. AT 84. The ALJ rejected Dr. Roux's opinion because plaintiff had been clean and sober for a limited time prior to Dr. Roux's examination and because the ALJ concluded plaintiff's depression had improved as posited by the state agency physicians. AT 19. The court finds the reasons set forth by the ALJ for rejecting Dr. Roux's opinion are not specific and legitimate, for reasons explained below.

---

[3] The last state agency psychiatrist to review the record did so on January 27, 2006. AT 94. Dr. Malan examined plaintiff from January through March 2007. AT 157, 159, 208.

6

The record contains insufficient evidence of psychiatric disability prior to March 2005. AT 94. The state agency physicians only hypothesized that plaintiff's mental status would improve sufficiently by February 2006, thereby concluding that plaintiff did not meet the one year durational requirement. AT 110. However, considering the time after March 2005, plaintiff was still being treated for depression in August 2006, at which time plaintiff was noted to be emotional and crying easily and the dosage of her psychiatric medicine was doubled. AT 191. The August date is well over a year after plaintiff's disability application date. Moreover, at the very time the state agency psychiatrist in February 2006 affirmed the prior state agency mental residual functional capacity determination, it was noted no updated psychiatric records were obtained by the state agency. AT 146 (". . . no updated Y MEOR [psychiatric medical opinion record] rec'd . . ."). That same month, however, plaintiff was started on Zoloft for treatment of depression. AT 199. The medical records also show continued treatment for anxiety and insomnia in the months after the final state agency determination. AT 164, 166, 179. Under these circumstances, reliance by the ALJ on the state agency opinions cannot be upheld.

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). Here, further development of the record is required to ascertain the basis of Dr. Malan's opinion and for consideration of whether plaintiff is entitled to disability benefits for a closed period. An immediate award of benefits by the court is not warranted.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

/////
/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: March 31, 2009.

_____
U.S. MAGISTRATE JUDGE

006
armstrong.ss